1  PAUL L. REIN, Esq., (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  CATHERINE M. CABALO, Esq. (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  510/832-5001
   Facsimile:   510/832-4787
5
   Attorneys for Plaintiff
6  GUY JONES

7
8  SID M. ROSENBERG, Esq. (SBN 129158)
   LAW OFFICES OF ROSENBERG & LINK
   725 30th St., Suite 107
9  Sacramento, CA 95816
   Telephone:  916/447-8101
10 Facsimile:   916/447-4750

11 Attorney for Defendants
   BRYAN KWONG; SPENCER KWONG; IRENE
12 KWONG; EL PUERTO RESTAURANT, INC.;
   ISIDRO MARTIN RODRIGUEZ
13

14                    UNITED STATES DISTRICT COURT
15                    EASTERN DISTRICT OF CALIFORNIA
16

17
   GUY JONES,                          CASE NO.  2:10-CV-01200 JAM/KJN
18                                      Civil Rights
            Plaintiff,
19
   v.
20                                      **CONSENT DECREE AND ORDER**
   BRYAN KWONG; SPENCER
21 KWONG; IRENE KWONG; EL
   PUERTO RESTAURANT, INC.;
22 ISIDRO MARTIN RODRIGUEZ; and
   DOES 1-10, Inclusive,
23
            Defendants.
24 _____/

25
            1.       Plaintiff GUY JONES filed a Complaint in this action on May 17,
26
   2010, to obtain recovery of damages for his discriminatory experiences, denial of
27
   access, and denial of his civil rights, and to enforce provisions of the Americans
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN          -1-          C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1  with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and

2  California civil rights laws against Defendants BRYAN KWONG; SPENCER

3  KWONG; IRENE KWONG; EL PUERTO RESTAURANT, INC.; ISIDRO

4  MARTIN RODRIGUEZ (together sometimes "Defendants"), relating to the

5  condition of Defendants' public accommodations as of April 9, 2009, and

6  continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA

7  and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and

8  sections 19955 *et seq.* of the California Health & Safety Code by failing to

9  provide full and equal access to their facilities at 10851 Folsom Blvd., Rancho

10  Cordova, California.

11  2.    Plaintiff and Defendants (together sometimes the "Parties") hereby

12  enter into this Consent Decree and Order for the purpose of resolving all aspects

13  of this lawsuit without the need for protracted litigation.

14

15  **JURISDICTION:**

16  3.    The Parties to this Consent Decree and Order agree that the Court

17  has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged

18  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections

19  12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of

20  California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code

21  of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

22  4.    In order to avoid the costs, expense, and uncertainty of protracted

23  litigation, the Parties to this Consent Decree and Order agree to entry of this

24  Consent Decree and Order to resolve all claims raised in the Complaint filed with

25  this Court.  Accordingly, the Parties agree to the entry of this Order without trial

26  or further adjudication of any issues of fact or law concerning Plaintiff's claims in

27  this case.

28  WHEREFORE, the Parties to this Consent Decree hereby agree and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN          -2-          C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1  stipulate to the Court's entry of this Consent Decree and Order, which provide as

2  follows:

3

4  **SETTLEMENT OF INJUNCTIVE RELIEF:**

5        5.     This Order shall be a full, complete, and final disposition and

6  settlement of Plaintiff's claims against Defendants for injunctive relief that have

7  arisen out of the subject Complaint.

8        6.     The Parties agree and stipulate that the corrective work will be

9  performed in compliance with the standards and specifications for disabled access

10  as set forth in the California Code of Regulations, Title 24-2, and Americans with

11  Disabilities Act Accessibility Guidelines, unless other standards are specifically

12  agreed to in this Consent Decree and Order.

13        a)    **Remedial Measures:** Defendants will perform and maintain

14  corrective work at 10851 Folsom Blvd., Rancho Cordova, California and

15  surrounding properties encompassing the shopping complex of which El Puerto

16  Restaurant is a part.  The scope of the corrective work is as follows:

17                I.    <u>Route from Public Streets/Sidewalks</u>: Install and mark

18                     an accessible route from Cordova Lane to the walkway

19                     that runs along the front of the stores (per item 3 on

20                     sheet A4 of ADA Compliance Consultants, Inc.

21                     (ADACC) "Accessibility Upgrades" plans, dated

22                     12/06/2010).

23               ii.   <u>Parking</u>: Remove old striping and non-compliant "built

24                     up" curb ramps, and install eight (8) new accessible

25                     parking spaces, three (3) of which will be van-accessible

26                     (per all items on sheet A1 of ADACC "Accessibility

27                     Upgrades" plans dated 12/06/2010), including, but not

28                     limited to, an accessible route between the parking

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN

-3-

C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1  spaces and the raised walkway that fronts the stores.

2  Transitions between new parking spaces and existing

3  pavement will confirm to one of the following:

4      a.  Ensure the pavement slope immediately adjacent

5          to the newly constructed accessible parking

6          spaces is not steeper than 5%; or

7      b.  Begin the steeper, 10% slope that is currently

8          planned at a point 4-ft outside of the prescribed

9          accessible parking spaces.

10  iii.  El Puerto Main Entry

11      a.  Post ISA to face the exterior;

12      b.  Install 10" wide "kickplate" on the push-side of

13          the door;

14      c.  Post tactile EXIT signage on the exterior;

15      d.  Adjust and maintain the door pressure to a

16          maximum of 5 lbs (Existing doors both require 15

17          lbs); and

18      e.  Adjust and maintain the closing speed to

19          minimum 3-seconds (Existing doors close in 2.09

20          and 1.46 seconds).

21  iv.  El Puerto Back Dining Room Exterior Exit

22      a.  Post tactile EXIT signage on the interior (None

23          currently posted);

24      b.  Install 10" wide "kickplate" on the push-side of

25          the door (Existing bottom rail is only 4.5" wide);

26      c.  Adjust the door pressure to maximum 5 lbs

27          (Existing door requires 11 lbs.);

28      d.  Adjust the closing speed to minimum 3-seconds

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN

-4-

C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

(Existing door closes in 2.16 seconds); and

   e. Repair the nonfunctioning latching hardware.

  v. <u>El Puerto Counters & Seating</u>

   a. Provide wheelchair accessible seating at 6 tables; and

   b. Lower the sales counter, or a portion of it, to a maximum 34" high by a minimum 36" long.

  vi. <u>El Puerto Restrooms</u>: Complete remodel of restrooms to create unisex restrooms, of which at least one is made accessible.  The restroom remodel will provide, at a minimum, the following for any designated accessible stall:

   a. Minimum 32" clear door width;

   b. Minimum 60" diameter turning space for turning around 180-degrees within the stall;

   c. Minimum 28"-wide clear space beside toilet for transferring laterally to the fixture from a wheelchair;

   d. Mirrors and soap/towel dispensers that have highest operable parts that are no higher than 40" above the finished floor;

   e. Toilet seat heights between 17" and 19" above the finished floor; and

   f. Compliant grab bars.

  b) **Timing of Injunctive Relief**:  Defendants will submit plans for all corrective work to the appropriate governmental agencies within 30 days of the entry of this Consent Decree by the Court.  Defendants will commence work within 30 days of receiving approval from the appropriate agencies.  All items

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN

-5-

C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1  will be completed within 120 days of commencement of work.  In the event that

2  unforeseen difficulties prevent Defendants from completing any of the

3  agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's

4  counsel in writing within 15 days of discovering the delay.  If Plaintiff objects to

5  Defendants' delay, the Parties will meet and confer within 15 days of Defendants'

6  notice of delay, and if the Parties cannot reach an agreement on the

7  reasonableness of Defendants' delay and any proposed continued delay, Plaintiff

8  will have the option to petition the Court for assistance.  Defendants or their

9  counsel will notify Plaintiff's counsel when the corrective work is completed, and

10 in any case will provide a status report no later than 120 days from the entry of

11 this Consent Decree.

12          c)      Defendants will notify Plaintiff in writing at the end of 120

13 days from the Parties' signing of this Consent Decree and Order as to the current

14 status of agreed-to injunctive relief, and every 90 days thereafter until all access is

15 provided.   If Defendants fail to provide injunctive relief on the agreed to

16 timetable and/or fail to provide timely written status notification, and Plaintiff

17 files a motion with the Court to obtain compliance with these terms, Plaintiff

18 reserves the right to seek additional attorney fees for all compliance work

19 necessitated by Defendants' failure to keep this agreement.

20

21 **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS:**

22          7.      The Parties have also reached any agreement regarding Plaintiff's

23 claims for damages, attorneys fees, litigation expenses and costs.  Defendants

24 agree to pay a total of $57,000, delivering the following to Plaintiff's counsel's

25 office, located at 200 Lakeside Drive, Oakland, CA 94612: (1) a check for

26 $12,000 made out to "PAUL L. REIN IN TRUST FOR GUY JONES" and a

27 check for $15,000 made out to "PAUL L. REIN" to be delivered by August 5,

28 2011; a check for $15,000 made out to "PAUL L. REIN" to be delivered by

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN

-6-

C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1   September 5, 2011; and a check for $15,000 made out to "PAUL L. REIN" to be

2   delivered by October 5, 2011.

3

4   **ENTIRE CONSENT DECREE AND ORDER:**

5        8.      This Consent Decree and Order constitute the entire agreement

6   between the signing Parties, and no other statement, promise or agreement, either

7   written or oral, made by any of the Parties or agents of any of the Parties that is

8   not contained in this written Consent Decree and Order shall be enforceable

9   regarding the matters described herein.

10

11  **CONSENT DECREE AND ORDER BINDING ON PARTIES AND**

12  **SUCCESSORS IN INTEREST:**

13       9.      This Consent Decree and Order shall be binding on Plaintiff,

14  Defendants, and any successors in interest.  Defendants have a duty to so notify

15  all such successors in interest of the existence and terms of this Consent Decree

16  and Order during the period of the Court's jurisdiction of this Consent Decree and

17  Order.

18

19  **MUTUAL RELEASES, WAIVER OF CIVIL CODE SECTION 1542, AND**

20  **FURTHER CLAIMS BY PLAINTIFF AND AGAINST THE SUBJECT**

21  **PROPERTY:**

22       10.     Each of the Parties to this Consent Decree and Order understands

23  and agrees that there is a risk and possibility that, subsequent to the execution of

24  this Consent Decree and Order, any or all of them will incur, suffer or experience

25  some further loss or damage with respect to the lawsuit that is unknown or

26  unanticipated at the time this Consent Decree and Order is signed.  Except for all

27  obligations required in this Consent Decree and Order, the Parties intend that this

28  Consent Decree and Order apply to all such further loss with respect to the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN                           -7-                           C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1    lawsuit, except those caused by the Parties subsequent to the execution of this

2    Consent Decree and Order.  Therefore, except for all obligations required in this

3    Consent Decree and Order, this Consent Decree and Order shall apply to and

4    cover any and all claims, demands, actions and causes of action by the Parties to

5    this Consent Decree with respect to the lawsuit, whether the same are known,

6    unknown or hereafter discovered or ascertained, and the provisions of Section

7    1542 of the California Civil Code are hereby expressly waived.  Section 1542

8    provides as follows:

9    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS**
     **WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT**

10   **TO EXIST IN HIS OR HER FAVOR AT THE TIME OF**
     **EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM**

11   **OR HER  MUST HAVE MATERIALLY AFFECTED HIS**
     **SETTLEMENT WITH THE DEBTOR.**

12

13       11.    Plaintiff hereby agrees that he will not initiate, pursue, or maintain

14   any claim, lawsuit, action or administrative action against the Defendants or

15   related entities, partners, assignees, etc. for any matters pertaining to the lawsuit

16   and/or the allegations, occurrences, events or incidents described above and/or

17   described in Plaintiff's Complaint in this action, including any claims, known or

18   unknown, which could have been raised in Plaintiff's Complaint, except for

19   breach of this Consent Decree and Order at any time subsequent to the execution

20   of this Consent Decree and Order.  Plaintiff, furthermore, hereby covenants and

21   agrees never to commence or prosecute against the Defendants any claim or

22   action relating to the subject premises.  Plaintiff, furthermore, hereby covenants

23   and agrees that this Consent Decree and Order shall constitute a judicial bar to the

24   institution or maintenance of any such claim or action.

25       12.    Attorneys for Plaintiff will not accept representation of any client or

26   pursue any further claim against any defendant herein arising out of or in relation

27   to any condition alleged to exist at the subject premises.

28       13.    Effective upon Plaintiff's receipt of all payments required under

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN                    -8-                    C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

Paragraph 7 above, and except for all obligations required in this Consent Decree and Order, each of the Parties, on behalf of themselves, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

14.    This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed and all payments described above in Paragraph 7 are delivered to Plaintiff's counsel's office, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order for eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed and all payments described above in Paragraph 7 are delivered to Plaintiff's counsel's office, whichever occurs later.

**SEVERABILITY:**

15.    If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN                    -9-                    C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

**SIGNATORIES BIND PARTIES:**

16.    Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.


**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT**
**THE END OF THE DOCUMENT.**

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN                    -10-

C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1   Dated: _____, 2011        PLAINTIFF GUY JONES

2

3

4                                 _____
                                  GUY JONES
5

6

7   Dated: _____, 2011        DEFENDANT BRYAN KWONG

8

9

10                                _____
                                  BRYAN KWONG
11

12

13  Dated: _____, 2011        DEFENDANT SPENCER KWONG

14

15

16                                _____
                                  SPENCER KWONG
17

18

19  Dated: _____, 2011        DEFENDANT IRENE KWONG

20

21

22                                _____
                                  IRENE KWONG
23

24  Dated: _____, 2011        DEFENDANT EL PUERTO RESTAURANT,
                                  INC.
25

26                                By: _____

27                                Print name:_____

28                                Title: _____

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN                -11-                C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1

2   Dated: _____, 2011          DEFENDANT ISIDRO MARTIN RODRIGUEZ

3

4

5                                   ISIDRO MARTIN RODRIGUEZ

6

7

8   APPROVED AS TO FORM:

9

10  Dated: July 13, 2011            LAW OFFICES OF PAUL L. REIN

11

12                                  /s/ Catherine M. Cabalo
                                    By: CATHERINE M. CABALO
13                                  Attorneys for Plaintiff
                                    GUY JONES
14

15

16
    Dated: July 11, 2011            LAW OFFICES OF ROSENBERG & LINK
17

18

19                                  /s/ Sid Rosenberg
                                    By: SID M. ROSENBERG
20                                  Attorney for Defendants
                                    BRYAN KWONG; SPENCER KWONG; IRENE
21                                  KWONG; EL PUERTO RESTAURANT, INC.;
                                    ISIDRO MARTIN RODRIGUEZ
22

23

24

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN            -12-            C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd

1

**ORDER**

2

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

4

Dated:   7/27/2011                                    /s/ John A. Mendez
                                                              Honorable JOHN A. MENDEZ
5                                                         United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

CONSENT DECREE AND [PROPOSED] ORDER
CASE NO. 2:10-CV-01200 JAM/KJN                     -13-                     C:\Documents and Settings\HVine\Desktop\10cv1200.o.72711.wpd